**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERIN BENTON<br>7216 Flower Avenue, Apt. #4<br>Takoma Park, MD 20912<br><br>   PLAINTIFF,<br><br>        v.<br><br>LABORERS' JOINT TRAINING FUND<br>5332 1st Place NE,<br>Washington, DC 20011<br><br>   SERVE: EXECUTIVE DIRECTOR<br>   JAMES ANASTASE<br>   5332 1st Place NE,<br>   Washington, DC 20011<br><br>   DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Erin Benton ("Plaintiff"), by and through undersigned counsel, hereby complains against Defendant Laborers' Joint Training Fund ("Fund" or "Defendant") to recover damages for unpaid overtime wages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), for unpaid overtime wages, and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and for unlawful retaliation, as set forth below.

**PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of the State of Maryland who primarily performed work for Defendant in the District of Columbia. Plaintiff's Consent to become a plaintiff in an action under the FLSA is attached hereto.

2. Defendant is a labor organization and corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. At all times during Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

4. On information and belief, during each year of Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00, and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

5. At all times during Plaintiff's employment period, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

6. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. Code § 1367.

## FACTS

7. Plaintiff was employed by Defendant from about January 1, 2003 through about May 16, 2014 (hereafter, "the relevant time period" or "at all times relevant").

8. At all times relevant, Plaintiff worked for Defendant as a full time employee.

9. At all times relevant, Plaintiff was employed as an administrative assistant. Plaintiff's responsibilities as an administrative assistant were to handle routine administrative duties. Plaintiff was not empowered to, and did not, make any meaningful decisions regarding Defendant's operations.

10. Plaintiff has no specialized or advanced degrees or training. She did not supervise any employees, did not exercise independent judgment or discretion with respect to matters of significance, and did not perform work directly related to the management or general business operations of Defendant. Plaintiff was, for purposes of the overtime provisions in the FLSA and DCMWA, a "non-exempt" employee.

11. At all relevant times, up until approximately May 16, 2014, Plaintiff was paid a salary. From approximately 2009 until the date of her termination, Plaintiff's salary was $52,490 annually. Plaintiff's salary was intended to cover work performed during Defendant's standard forty (40) hour work week, which was Monday – Friday, 7:30am – 4:00pm, with ½ hour for lunch. Defendant paid Plaintiff no wages whatsoever for hours worked each week in excess of forty (40) hours.

12. Plaintiff worked many hours in excess of forty (40) in many work weeks during the relevant time period. Specifically, Plaintiff regularly worked at training sessions put on by Defendant on Saturdays, as required by OSHA and District of Columbia regulations. Plaintiff worked approximately five (5) hours, on average, per Saturday training session. From February 9, 2008 until April 13, 2013, these training sessions occurred approximately two to three times per month. In addition to Plaintiff, instructors employed by Defendant worked approximately eight (8) hours on these

Saturday training sessions, for which they were not compensated. On information and belief, many if not all of these hours worked by the instructors were overtime hours.

13. The maximum-hours provision of the FLSA requires employers to pay any employee who is covered by the FLSA "not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of forty (40) in a week. 29 U.S.C. § 207(a)(1).

14. According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract" rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424-25 (1945).

15. At no time during the period of Plaintiff's employment did Defendants pay, in addition to Plaintiff's fixed salary, extra wages to Plaintiff for overtime hours worked in excess of forty (40) at a rate not less than one-and-one-half (1½) times Plaintiff's regular rate of pay. Defendant paid Plaintiff her fixed salary for forty (40) hours worked each week and paid Plaintiff no wages at all for hours worked each week in excess of 40.

16. Defendant should have paid Plaintiff, as a non-exempt employee, at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

17. At no time during Plaintiff's employment did Plaintiff perform work duties that would make her exempt from the overtime requirements of the FLSA or DCMWA.

18. In June 2013, Plaintiff and the training session instructors learned that the Department of Labor was auditing another labor organization because it was not paying its employees for overtime hours worked. Plaintiff and the affected instructors brought this to the attention of the former Director of the Fund.

19. Shortly after Plaintiff and the instructors confronted Defendant about the overtime wages due to them, Defendant issued a new handbook, and required all employees to record their overtime hours from 2013 going forward.

20. Plaintiff specifically asked whether she could include her overtime hours from 2008-2013. Defendant refused to address Plaintiff's question.

21. Defendant stopped assigning Plaintiff to work during the Saturday training sessions. In early May, 2013, Plaintiff was told that she was no longer needed in the Virginia office and her company cell phone was taken away.

22. On or about May 16, 2014, with no notice or cause, Defendant provided a proposed severance agreement to Plaintiff, indicating her employment with the Fund had ended.

23. Plaintiff was terminated by Defendant in retaliation for complaining and asserting her rights to unpaid overtime wages under the FLSA.

24. Defendant acted in bad faith in retaliating against Plaintiff for complaining to Defendant regarding Defendant's continued failure and refusal to abide by the overtime pay requirements of the FLSA.

25.     As a result of Defendant's retaliatory termination of Plaintiff's employment, Plaintiff has lost wages and continues to lose wages.

26.     The FLSA and DCMWA normally provide for up to a three (3) year statute of limitations on overtime claims.  However, in proper circumstances, parties owed overtime wages under the FLSA may have this time period extended for equitable tolling if the Court finds the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his or her claim.

27.     Up until July of 2013, Plaintiff and other similarly situated employees believed that they were not entitled to overtime compensation for the hours they worked each week in excess of forty (40) because Defendant either told this to Plaintiff and others or implied that this was the case by failing and refusing to pay overtime compensation for the Saturday hours worked by Plaintiff and the affected instructors. Prior to July 2013, Defendant did not correct Plaintiff's misunderstanding that she was not entitled to compensation for her Saturday hours worked.

28.     On July 12, 2013, after inquiring as to her proper legal status with respect to her eligibility for overtime pay, Plaintiff received an email from Defendant's former Executive Director, Lou DeGraff, explaining "[y]ou are a regular, full time, non-exempt employee."

29.     In consideration of the foregoing, it is proper to toll Plaintiff's Federal and District of Columbia overtime claims to include the entirety of the period that Plaintiff spent working the Saturday training sessions, from February 9, 2008 to April 13, 2013.

30.     Employers who violate the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid

minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

31. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA violation] was in good faith and that [the defendant] had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

32. The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," and not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999).

33. Here, Defendant's failure to pay Plaintiff wages as required by the FLSA and District of Columbia law was not the product of good faith, and Defendant had no reasonable grounds for believing its failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law. Defendant, an organization dedicated to the protection of workers and enforcement of workers' rights, knew or should have known that its failure to pay Plaintiff overtime wages was in violation of law.

34. Defendant cannot meet its burden of an affirmative showing to avoid the imposition of liquidated damages. Consequently, in addition to her unpaid wages, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid wages.

35. The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of reasonable attorney's fees and costs to a successful plaintiff. As such, Plaintiff is entitled to payment, by Defendant, of her reasonable attorney's fees and costs.

## CAUSES OF ACTION

### COUNT I

**Violation of Federal Fair Labor Standards Act (Overtime)**

36. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-35 above, as if each were set forth herein.

37 The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

38. At all times, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

39. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

40. While in Defendant's employ, Plaintiff worked a total of approximately four hundred fifteen (415) overtime hours for which she was never paid, *i.e.* an average of five (5) hours for each of the eighty-three (83) Saturdays that she worked.

41. As set forth above, Defendant failed and refused to pay Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

42. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated

damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II

**Violation of D.C. Minimum Wage Act Revision Act of 1992 (Overtime)**

43.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-42 above, as if each were set forth herein.

44.     Plaintiff was Defendant's "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

45.     Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

46.     As set forth above, while in Defendant's employ, Plaintiff worked four hundred fifteen (415) overtime hours for which she received no compensation.

47.     As set forth above, Defendant failed and refused to pay Plaintiff any wages for the overtime hours worked each week in excess of forty (40).

48.     Defendant's failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff, under Count II, for all unpaid overtime wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III

**Violation of Federal Fair Labor Standards Act (Unlawful Retaliation)**

49. Plaintiff realleges and reasserts each and every allegation set forth in paragraphs 1-48 as if each were set forth herein.

50. FLSA section 215(a)(3) provides, in relevant part: "[I]t shall be unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed *any complaint* or instituted or caused to be instituted any proceeding under or related to this chapter…" (emphasis supplied).

51. Between January 1, 2003 and February 8, 2008, Plaintiff worked each week, Monday – Friday, from 7:30 am – 4:30 pm with a half an hour for lunch, as an administrative assistant.

52. Starting February 9, 2008, with no change in her job duties, Plaintiff began to work two to three Saturdays per month, in addition to her regular Monday – Friday schedule, assisting with training sessions, for which she did not receive any compensation. As set forth in more detail above, Plaintiff and other similarly situated employees complained to Defendant's Executive Director about Defendant's failure to pay her and others any overtime pay for these additional hours worked.

53. Plaintiff worked her final Saturday training session on April 13, 2013 and after that, as set forth in detail above, Defendant stopped assigning her to Saturday training sessions. Eventually, after Plaintiff continued to complain that she had not been properly compensated with overtime pay, Plaintiff was terminated on May 16, 2014.

54. Plaintiff was terminated by Defendant in retaliation for complaining and asserting her rights to unpaid overtime wages under the FLSA.

55.     Defendant acted in bad faith in retaliating against Plaintiff for complaining to Defendant regarding Defendant's continued failure and refusal to abide by the overtime pay requirements of the FLSA.  The unlawful retaliation culminated in Plaintiff's termination from her employment.

56.     As a result of Defendant's unlawful termination of Plaintiff's employment, Plaintiff has lost wages and continues to lose wages, and has suffered other damages.

WHEREFORE, Defendant is liable to Plaintiff, under Count III, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Esq. Bar No. 369362
Jason Friedman, Esq.
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com

*Counsel for Plaintiff*